**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 07-CR-20076-3

JERRY McADOO, et al.,

    Defendant.

                                                                 /

**ORDER DISQUALIFYING ATTORNEY SEQUOIA DUBOSE FROM REPRESENTING
ANY DEFENDANT IN THIS CASE OTHER THAN DOMINIQUE HARDIN**

Defendant Jerry McAdoo, having obtained financial assistance from his family, sought to substitute retained attorney Sequoia DuBose for court-appointed attorney Michael S. Friedman. For the following reasons, the court will not allow the substitution.

**I. BACKGROUND**

Defendant McAdoo is one of twenty co-defendants in this conspiracy case. At a hearing on July 11, 2007, Friedman sought permission to withdraw from representing Defendant[1] in this case. Friedman asserted that DuBose's office informed him that it received a retainer on behalf of Defendant. (7/11/07 Tr. at 3.) Further, Friedman stated that he and Defendant suffered a breakdown in their attorney-client relationship, principally based on a disagreement about whether to file a motion that Friedman did not specify. (*Id.* at 5-6.) The court engaged Defendant in a dialogue, explaining the role of an attorney in deciding strategy and tactics, with the filing of a motion falling in that province. (*Id.* at 6-12.) Defendant said that he could continue to work with Friedman.

---

[1]Unless otherwise indicated, "Defendant" will refer to Defendant McAdoo.

(*Id.* at 9, 12.)[2]  The court therefore denied the request for substitution.  In addition, the court noted the absence of DuBose at the hearing and at a previous conference, as well as the fact that DuBose failed to register, as every admitted attorney of this court is required, as an electronic filer.  (*Id.* at 3-4.)

The court, notified of a potential conflict of interest for DuBose due to previous representation of co-defendant Dominique Hardin, held another hearing on August 7, 2007, where DuBose and Hardin were present.  Earlier, DuBose appeared in this case on behalf of Hardin at a bond hearing before Magistrate Judge Steven D. Pepe on May 7, 2006.  (5/7/06 Minute Entry on Docket.)  DuBose stated at the latest hearing that he "did the arraignment on the complaint" for Defendant Hardin but that DuBose received no discovery and "knew nothing about the facts of the case itself."  (8/7/07 Tr. at 4.)  DuBose stated that Hardin shared nothing that creates a conflict of interest connected to DuBose's representation of Defendant McAdoo.  (*Id.*)  Marvin Barnett, Defendant Hardin's current attorney, stated that he discussed the issue with his client and that Hardin would not waive any objection to DuBose representing Defendant McAdoo.  (*Id.* at 5-9.)  The prosecutor also stated for the record that Defendant Hardin "had asked Attorney DuBose to go and post bond for [Ursula Lapsley,] a co-defendant who was arrested in the state of Arizona on matters directly related to this."  (*Id.* at 9-10.)

Based on these presentations, the court found that, even if there is no apparent conflict presently, there is great potential for conflict, particularly if one of the Defendants were to be a witness against the other.  (*Id.* at 4-8, 10-11.)  The court

---

[2]Defendant again stated he was satisfied with Friedman as his attorney at a subsequent hearing.  (8/7/07 Tr. at 15.)

further opined that issues such as these are "quicksand" and "to be avoided." (*Id.* at 12.) The court stated that it would render this written opinion, finding that DuBose is not qualified under the relevant legal authority to represent an individual other than Defendant Hardin. (*Id.* at 13-14.)

## II.  DISCUSSION

According to Federal Rule of Criminal Procedure 44:

> Joint representation occurs when:
> (A) two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and
> (B) the defendants are represented by the same counsel, or counsel who are associated in law practice.

Fed. R. Crim. P. 44(c)(1). The court finds that allowing DuBose to represent Defendant McAdoo would constitute joint representation. As such, the court is required to:

> promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Fed. R. Crim. P. 44(c)(2). The right to counsel under the Sixth Amendment of the United States Constitution exists not for its own sake, "'but because of the effect it has on the ability of the accused to receive a fair trial." *Mickens v. Taylor*, 535 U.S. 162, 166 (2002) (quoting *United States v. Cronic*, 466 U.S. 648, 658 (1984)). Assistance which is ineffective in preserving fairness does not meet the constitutional requirement. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984)). There is a presumption of prejudice when a trial court over a timely objection improperly requires joint representation of co-defendants with conflicting interests. *Holloway v. Arkansas*, 435 U.S. 475 (1978).

3

In this case, the issue concerns successive representation. It is unclear under the case law if the same presumption of prejudice applies to cases of successive representation. *See e.g. Stewart v. Wolfenbarger*, 468 F.3d 338, 350-51 (6th Cir. 2006) (habeas corpus petitioner is not entitled to presumption of prejudice for claim of ineffective assistance of counsel due to concurrent representation). Pursuant to Rule 44, the court must, however, inquire and take measures to protect Defendants' right to counsel and, ultimately, a fair trial.

Under the circumstances, the court is not persuaded that successive representation by DuBose would be appropriate under Rule 44. The court cannot find that "there is good cause to believe that no conflict of interest is likely to arise." Fed. R. Crim. P. 44(c)(2). In the context of a large conspiracy case, even preliminary involvement of an attorney with one -- and perhaps even two -- co-defendants raises a red flag. For the reasons stated on the record, even assuming lack of a present conflict, the court cannot ignore the potential for (perhaps even the probability of) future conflicts, which raises the specter of direct appeal or serious collateral attack to these criminal proceedings. In short, the proposed arrangement is a thicket that the court will not enter, particularly given Defendant Hardin's refusal to waive any objection to DuBose representing Defendant McAdoo. Finally, the court credits Defendant McAdoo's recent assertions of satisfaction with Friedman, his court-appointed counsel. Because the court must take appropriate measures to protect each defendant's right to counsel, Fed. R. Crim. P. 44(c)(2), it will, for their sake and for the sake of a fair trial, disqualify DuBose in this case from representing anyone other than Defendant Hardin. Accordingly,

4

### III. CONCLUSION

IT IS ORDERED that Attorney Sequoia DuBose is DISQUALIFIED from appearing in this case on behalf of any Defendant other than Dominique Hardin.

                                               S/Robert H. Cleland
                                               ROBERT H. CLELAND
                                               UNITED STATES DISTRICT JUDGE

Dated: August 17, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 17, 2007, by electronic and/or ordinary mail.

                                               S/Lisa Wagner
                                               Case Manager and Deputy Clerk
                                               (313) 234-5522